IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR LYNN LEE,<br>*Plaintiff*<br><br>-vs-<br><br>ERIN STAMEY, JAMES HICKS,<br>BRYAN HALL, WILLIE FORD,<br>MICHAEL SCOTT, JAY YOUNG,<br>TAYLOR COUNTY, TX, THE LAW<br>OFFICE OF DOUGLAS D.<br>KETTERMAN, PCCD, MELISSA<br>COELHO BARNES MILLER,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-00590-XR |

## ORDER

Before the Court is a Motion to Transfer Venue (ECF No. 21) filed by Defendants Erin Stamey, James Hicks, Bryan Hall, Willie Ford, and Taylor County, Texas ("Taylor County Defendants").

Plaintiff Victor Lynn Lee ("Lee") has filed a Response in Opposition to the Motion (ECF No. 40). Upon careful consideration the Court issues the following order.

## BACKGROUND

The claims in this lawsuit arise out of events that occurred in Taylor County, Texas. *See* ECF No. 10, Pl. Am. Compl. at ¶¶ 13–71. This lawsuit is related to a second-degree felony sexual assault case, *State of Texas v. Victor Lee*, Cause No. 31067-A, currently pending in the 42nd District Court of Taylor County, Texas. *See* ECF No. 22, Ex. A-2, Warrant of Arrest; Ex. A-3, Indictment. Of the nine Defendants named in this lawsuit, just one Defendant—The Law Office of Douglas D. Ketterman, PLLC D/B/A KRW Lawyers—resides in the Western District of Texas. All eight of the other Defendants reside in the Northern District of Texas. All Defendants agree or

do not oppose transfer of the case to the Northern District of Texas. *See* ECF No. 21 at 11, Certificate of Conference.

On July 28, 2025, Defendants Hicks, Stamey, Hall, Ford and Taylor County Defendants filed a Motion to Change Venue for the Convenience of Parties and Witnesses. (ECF No. 21). On August 25, 2025, after requesting and receiving two extensions of time to file a response (ECF No. 31, 36), Plaintiff filed his response to the Defendants' Motion (ECF No. 40). The Court now considers the motion.

## DISCUSSION

### I.     Legal Standard

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The burden of showing "good cause" rests with the movant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) ("*Volkswagen II*"). However, the burden is easier to satisfy than that for *forum non conveniens*, and a district court has broader discretion in ordering transfer under § 1404(a). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). This is because, unlike *forum non conveniens*, a change of venue maintains the same federal forum, so a movant's burden of showing "good cause" is already enough to protect the plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314–15.

### II.    Analysis

2

Plaintiff Victor Lynn Lee is a resident of Taylor County, Texas. Defendant Erin Stamey is the First Assistant District Attorney for Taylor County, Texas. Defendant James Hicks is the elected District Attorney for Taylor County. Defendant Bryan Hall is an assistant district attorney for Taylor County. Defendant Will Ford is an employee of the Taylor County District Attorney's Office. Defendant Michael Scott is employed by the City of Abilene as an Abilene Police Department Officer. Defendant Jay Young is employed by the City of Abilene as an Abilene Police Department Officer. Defendant Taylor County, Texas is a governmental unit existing under the laws of the State of Texas. Defendant Melissa Coelho Barnes Miller is a private individual residing in Taylor County. Defendant KRW Lawyers is a law firm based in San Antonio, Texas. Plaintiff's claims against the Defendants arise out of events that occurred in Taylor County, Texas.

As a threshold inquiry in determining eligibility for venue transfer, the Court must determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-CV-00202, 2023 WL 3981266, at *2 (E.D. Tex. June 12, 2023) (quoting *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)) ("*Volkswagen I*"). Here, there parties do not dispute that this case could have been brought in either the Western District of Texas or the Northern District of Texas.

In assessing whether the moving party has met their burden, the Court considers four private-interest factors and four public-interest factors. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). No single factor is dispositive, and the Fifth Circuit has "cautioned against a raw counting of the factors that weighs each the same." *In re Clarke*, 94 F.4th 502, 509 (5th Cir. 2024) (quoting *TikTok*, 85 F.4th at 358) (internal quotation marks omitted). When the moving party fails to make a clear demonstration on a factor, the district court "cannot weigh [that] factor against the

non-movant and in favor of transfer." *Id*. (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

### A. Private-Interest Factors

The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.

#### 1. Relative Ease of Access to Sources of Proof

"The first factor focuses on the location of documents and physical evidence to the case." *TikTok*, 85 F.4th at 358 (quoting *Volkswagen II*, 545 F.3d at 316) (internal quotation marks omitted). This factor is concerned with the relative ease of access, not absolute ease of access. *See In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (citation omitted). The Fifth Circuit has noted that relevant considerations include where the underlying events occurred, as well as the location of the physical evidence and documents. *Volkswagen II*, 545 F.3d at 316.

Defendants contend that a substantial part, if not all, of the events giving rise to this lawsuit occurred in Taylor County. ECF No. 21 at 4 (citing Pl. Am. Compl. ¶¶ 13–71). Defendants also assert that the sources of proof that are relevant to the events underlying the claims, including any communication files and physical evidence, are all kept at the Abilene Police Department or the office of the District Attorney for Taylor County, located in Abilene, Texas which is in the Northern District of Texas. ECF No. 21 at 5; ECF No. 22 at 6.

Plaintiff argues that modern litigation neutralizes this factor since documentary proof can be electronically stored and transported. ECF No. 40 at 8. But the Fifth Circuit has held that, even in the context of electronic documents that can be accessed anywhere on earth, this factor is not

4

superfluous. *See Volkswagen II*, 545 F.3d at 316; *see also In re dish Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *2 (Fed. Cir. Oct. 21, 2021); *Honeywell Int'l Inc. v. Zebra Techs. Corp.*, 2022 WL 2161058, at *8 (W.D. Tex. June 15, 2022) ("The Federal Circuit has time and again reminded this Court to look where the custodians of relevant electronic documentation is, as they may bear on the relative ease of access to sources of proof.")).

The Court finds Defendants have made a sufficient showing that most, if not all physical evidence in this case is in the Northern District of Texas. And, apart from Defendant KRW, the facts appear to be self-evident, the custodian of electronic documents are in the Northern District of Texas. Accordingly, the relative ease of access to sources of proof supports transfer.

**2.   Availability of Compulsory Process to Secure Witness Attendance**

The second factor focuses on the "availability of compulsory process to secure the attendance of witnesses." *Volkswagen II*, 545 F.3d at 316. When all the witnesses are within the subpoena power of either court, as here, this factor is neutral. *Radmax*, 720 F.3d at 288.

**3.   Cost of Attendance for Willing Witnesses**

The third factor "attempts to internalize and minimize" costs on witnesses by "favoring the venue that is more convenient from the perspective of willing witnesses." *Clarke*, 94 F.4th at 514 (citation omitted).

The Fifth Circuit has identified that "convenience is a function of distance." *Id*. "The factor of inconvenience 'positively and linearly scales' with the distance over one hundred miles witnesses must travel to testify." *Relink US LLC v. Tesla, Inc.*, No. 1:23-cv-1093-DAE, 2025 WL 2123783, at *5 (W.D. Tex. Apr. 3, 2025) (citing *Clarke*, 94 F.4th at 515). In *Volkswagen II*, the Court stated, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases

in direct relationship to the additional distance to be traveled" because "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." 545 F.3d at 317.

According to Defendants, almost all non-party witnesses most likely to provide testimony relevant to this litigation live in the Northern District of Texas. (*See* ECF No. 22 at 6). Defendants ascertain that the costs of obtaining the attendance of those witnesses will be substantially less in the Northern District of Texas than in the Western Division. ECF No. 21 at 7. The Defendant asserts that the distance from Abilene, Texas to San Antonio, Texas is approximately 246 miles. *Id*. The Defendant further asserts that the witnesses relevant to this litigation reside in the same county (or adjacent to) where the Abilene Division Courthouse is located. *Id*. n.1; ECF No. 22 at 6.

Plaintiff argues that he anticipates witnesses that reside outside of Abilene but he did not identify their location (i.e. whether they are located in the Western District of Texas) or how many witnesses he may call. ECF No. 40 at 6–7. Plaintiff also argues that the drive from San Antonio to Abilene does not justify overriding Plaintiff's forum choice. *Id*. Plaintiff focuses this argument on the location where the attorneys representing the Defendants reside/work—arguing that it is not that much farther from where those attorneys work in relation to San Antonio versus where they work in relation to Abilene. *Id*. at 7. But, courts have consistently held that the convenience of counsel is not to be considered in the question of a transfer of venue. *Volkswagen I*, 371 F.3d at 206 (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003) *cert. denied*, 540 U.S. 1049 (2003)).

Based on the information before the Court, it is unknown whether there are any witnesses located in the Western District of Texas. The Defendants have represented that the majority of their relevant witnesses are in the Northern District of Texas and are well over the one-hundred-mile threshold from San Antonio. Thus, the Court finds that the cost of attendance for willing witnesses would be exponentially greater if this case were to be tried in the Western District of Texas and concludes this factor favors transfer. *See TikTok*, 85 F.4th at 361 (finding abuse of discretion when the lower court failed to consider where the bulk of relevant witnesses were located).

### 4. All Other Practical Problems

"The fourth factor considers all other practical problems that make trial of a case easy, expeditious and inexpensive." *TikTok*, 85 F.4th at 362 (citing *Volkswagen II*, 545 F.3d at 315). Relevant considerations for these factors are the effect of delay and the prejudice to a party should a transfer be granted. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 779 (E.D. Tex. 2000). Garden-variety delay associated with transfer is not to be taken into consideration. *Radmax*, 720 F.3d at 288.

The Defendants argue that having the case in the Abilene Division would make planning and organizing hearings, depositions, and potential alternative dispute resolution proceedings easier because the proximity of all but one of the Defendants would be centralized. Plaintiff argues that litigation is well underway, and transfer would not produce judicial economy.

Neither the Plaintiff nor the Defendants argue as to whether a transfer would result in delay or prejudice. The Court finds this factor neutral.

### B. Public-Interest Factors

### 1. Court Congestion

Although a factor to be considered, court congestion is rarely the decisive factor because a court's assessment of another's docket is inherently speculative and to transfer for this sole reason "ignores the plaintiffs' role as master of the complaint." *Clarke*, 94 F.4th at 515. While the Plaintiff cites statistics reflecting a relatively quicker case disposition for cases in the Northern District of Texas (ECF No. 21 at 8), "measuring [docket] congestion is easier said than done" and any assessment of a transferees docket is "at its core . . . an uninformed guess." *Clarke*, 94 F.4th at 515.

The Court declines to make any speculations about the docket of the Northern District of Texas compared to its own docket. Therefore, this factor is neutral.

**2. Local Interests**

This second public-interest factor considers "the local interest in having localized interests decided at home." *Volkswagen II*, 545 F.3d at 315. In evaluating this factor, a court looks to "the significant connections between a particular venue and the events that give rise to a suit," not to "the parties' [] connections to each forum." *Tik Tok*, 85 F.4th at 364 (quoting *Def. Distrib.*, F.4th at 435 (internal quotation marks omitted). "[T]he place of the alleged wrong is one of the most important factors in venue determinations." *Id*.

In his amended complaint, Plaintiff alleges that one of the Defendants (KRW—located in San Antonio) provided advice to another Defendant (Coelho Barnes) in San Antonio (ECF No. 10 ¶¶ 12, 56, 70) and asserts that the advice provided by KRW forms the basis for two of his seven claims. ECF No. 10 ¶ 125–33, 134–140. Yet in his response to Defendants' Motion to Transfer, Plaintiff simply presumes that this advice was given in San Antonio. ECF No. 40 at 4. Even if Plaintiff's presumption is correct, Plaintiff does not dispute that most of the events that underly his claims occurred outside of the Western District of Texas (*See* ECF No 10 ¶¶ 13–71). Plaintiff's

pleadings confirm this reality as events that occurred in the Northern District of Texas form the basis of most of his claims. *See* ECF No. ¶¶ 72–140.

This factor weighs in favor of transfer.

### 3. Familiarity with Governing Law

Here, familiarity with governing law is not in dispute. Both Districts have an equal familiarity with the law. Therefore, this factor is neutral

### 4. Avoiding Conflict of Law and Foreign Law Problems

The final public interest factor seeks to avoid "unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315. This case does not appear to present any conflict of laws or require resolution of any problems with the application of foreign law. *Savage*, 2023 WL 3981266, at *4. This factor is neutral.

### C. The Weight of the Factors Favors Transfer to N.D. Tex.

No single factor is dispositive, and the Court does not count the factors so that each weighs the same. *Clarke*, 94 F.4th at 509. To establish good cause, the moving party must show "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious . . . that those marginal gains will *actually* materialize in the transferee venue." *Id*. at 508 (emphasis in original).

The Court finds that the Defendants have clearly established that a transfer to the Northern District of Texas—Abilene Division will realize a gain in convenience. Transfer will significantly decrease the cost of attendance for witnesses. The Plaintiff and eight of nine Defendants reside in the Northern District of Texas. While this case can properly be brought in the Western District of Texas, the Defendants have established it is clearly more convenient based on the private and

public factors for this case to be litigated in the Northern District of Texas. The Court finds the weight of the factors supports transfer.

## CONCLUSION

For the reasons discussed above, the COURT **GRANTS** Defendants' Motion to Transfer (ECF No. 21).

The Clerk is **DIRECTED** to **TRANSFER** this case to the Northern District of Texas—Abilene Division, and, once docketed in the Northern District of Texas, the Clerk is **DIRECTED** to **CLOSE** this case.

The Court will not consider any pending motions in this matter, leaving to the transferee Court the resolution of all further issues.

It is so **ORDERED**.

**SIGNED** this 27th day of August, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE